IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GILSTER-MARY LEE CORPORATION,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 06-694-GPM |
| | ) |
| **PINNACLE FOODS CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On January 8, 2008, a jury returned a verdict in favor of Plaintiff (*see* Doc. 85) and judgment was entered on April 16, 2008 (*see* Doc. 108). Now before the Court is Defendant's motion for new trial and alternative renewed motion for judgment as a matter of law (Doc. 109), to which Plaintiff has filed a response (Doc. 114).

**A. Motion for New Trial**

A new trial may be granted under Federal Rule of Civil Procedure 59(a) "where the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party." *Mid-America Tablewares, Inc. v. MOGI Trading Co.*, 100 F.3d 1353, 1367 (7th Cir. 1996). In support of its motion, Defendant argues that the Court erred in the following respects: (1) by determining that the warehousing/handling fee provision in the 2005 Production Agreement was ambiguous; (2) by admitting parol evidence of the parties' communications before and after the 2005 Production Agreement was signed; (3) by refusing Defendant's instruction on condition precedent; (4) by refusing Defendant's instruction on meeting of the minds; (5) by

granting Plaintiff prejudgment interest at two different rates; and (6) by awarding prejudgment interest on the entire judgment and at inequitable rates.

### 1. Warehouse/handling Fee Provision in the 2005 Production Agreement

Defendant first argues that the Court erred in finding that the warehousing/handling fee provision in the 2005 production agreement is ambiguous. This provision is marvelously ambiguous. The agreement to build a new warehouse is clumsily characterized as a proposal when it is actually an unqualified undertaking to so perform. Indeed, Pinnacle argues it is a condition precedent. The argument that the warehousing/handling fee refers only to product stored in the new warehouse is just that - an argument. It would have been easy to write the provision to compel that understanding but the limiting language is not there. Both sides put on substantial evidence and made powerful arguments consistent with their theory of the case. The meaning of this cryptic language was properly a question for the jury. Because Defendant has not demonstrated a manifest error of law or present newly discovered evidence and merely presents the same argument made in support of its motion for summary judgment and motion for judgment as a matter of law, this argument is again rejected.

### 2. Parol Evidence

Defendant next argues that the Court erred in admitting parol evidence of the parties' conduct, as well as evidence documenting the parties' communications before and after the contract was signed. Defendant again argues that the contract was unambiguous and as such, parol evidence was inadmissible. Defendant's argument fails.

As stated by the Supreme Court of New Jersey,

> We consider all of the relevant evidence that will assist in determining the intent and meaning of the contract. As we explained in *Schwimmer,* [e]vidence of the

> circumstances is always admissible in aid of the interpretation of an integrated agreement. This is so even when the contract on its face is free from ambiguity. ... Within the constraints described in *Schwimmer,* we allow a thorough examination of extrinsic evidence in the interpretation of contracts. Such evidence may include consideration of the particular contractual provision, an overview of all the terms, the circumstances leading up to the formation of the contract, custom, usage, and the interpretation placed on the disputed provision by the parties' conduct.

*Conway v. 287 Corporate Center Assocs.*, 901 A.2d 341, 346-47 (N.J. 2006) (citations omitted).

The Court did not err in admitting parol evidence.

### 3. **Defendant's proposed instruction on condition precedent**

Defendant next argues that the Court erred in refusing its instruction regarding condition precedent. Defendant asserts that its obligation to pay the warehousing/handling fee was predicated on Plaintiff's completion of the warehouse that the parties agreed was necessary to prevent the production issues that prompted renegotiation of the 2004 Agreement. As such, Defendant argues that it was entitled to an instruction informing the jury that because Plaintiff had not performed its obligation to build the promised warehouse, Plaintiff had no right to performance from Defendant and therefore, Defendant could not be found in breach of the contract.

Under New Jersey law, the parties may make a contractual liability dependent upon the performance of a condition precedent, but "condition precedents are disfavored by the courts." *Liberty Mutual Ins. Co. v. President Container, Inc.*, 687 A.2d 760, 766 (N.J. App. 1997). "This is because the failure to comply with a condition precedent works a forfeiture." *Id.* (Citation omitted). "Given this, a condition precedent must be expressed in clear language or it will be construed as a promise." *Id.* (Citation omitted).

In this case, the Court finds no clear language in the agreement that Plaintiff's promise to build a warehouse was a condition precedent to payment of the fee. There is no date for payment

of the fee set forth in the contract and there is no clear language that makes payment conditional on any event. Moreover, the Plaintiff put on evidence that it had met this requirement. Accordingly, the Court's refusal of this proposed instruction was not in error.

### 4. Defendant's proposed instruction on "meeting of the minds"

Defendant next argues that the Court erred in refusing its non-pattern jury instruction which read:

> If you believe that at the time the 2005 Production Agreement was signed in July of 2005 that Plaintiff Gilster-Mary Lee Corporation and Pinnacle Foods Corporation did not agree to the meaning of "The proposal shall be based on a $0.11 per case warehousing/handling fee," you must find in favor of Defendant Pinnacle Foods Corporation.

The instructions given by the Court included a New Jersey pattern jury instruction which required Plaintiff to prove by a preponderance of the evidence that the parties entered into a contract containing certain terms. Defendant's proposed instruction would have been redundant and, as the Court stated at the jury instruction conference, was an attempt to inject argument into the jury instructions. As such, it was properly rejected.

### 5. Prejudgment Interest

Defendant next argues that the Court's award of prejudgment interest at two different rates was inequitable and in error. The Court construes this argument as a motion to reconsider the Court's Order granting prejudgment interest (*See* Doc. 107), but finds no error in the Court's award. The Court's determination of the prejudgment interest was calculated as follows: first, a published average interest rate of 4.16% for the preceding fiscal year ending on June 30, 2006 was rounded down to 4% and added to the 2% add-on enhancement provided under New Jersey Court Rules, resulting in a 6% rate applicable until a new fiscal year average was published. Therefore, a 6% rate

was applied to amounts due from August 2006 to June 30, 2007. On July 1, 2007, a new average rate was published for the preceding fiscal year that ended on June 30, 2007. That average rate was 5.25%, which was rounded to 5.5% and added to the 2% add-on enhancement under New Jersey Court Rules, resulting in a 7.5% rate applicable to amounts due from July 1, 2007 forward. Accordingly, the Court finds no error in the prejudgment interest rates awarded.

The Court also notes that an award of prejudgment interest in a contract action is discretionary. *DialAmerica Mktg., Inc. v. Keyspan Energy Corp.*, 865 A.2d 728, 732 (N.J. App. 2005). After careful review of the facts of the case, the applicable law, and the Court's award of prejudgment interest, the Court finds no inequity.

### B. Renewed Motion for Judgment as a Matter of Law

Alternatively, Defendant renews its motion for judgment as a matter of law, which the Court previously denied on April 16, 2008. (*See* Doc. 107). As it explained in its earlier Order, the Court found as a matter of law that the contract between Plaintiff and Defendant is ambiguous. Therefore, it was completely within the province of the jury as the trier of fact to determine the meaning of the contract, which it did adversely to Defendant. The Court is not at liberty to go behind the jury's factual findings and set the verdict aside. Since there is evidence to support the verdict, judgment as a matter of law is not appropriate and, accordingly, is **DENIED** (Doc. 110).

### C. Bill of Costs

On May 2, 2008, Plaintiff filed its Bill of Costs (Doc. 112) in the amount of $12,176.60. Soon after, Defendant moved to stay the execution of the judgment pending disposition of the motions addressed in this Order (Doc. 113). Now that this Order has disposed of the motions, the Clerk of the Court may tax costs against Defendant. For docketing purposes, Defendant's motion to stay (Doc. 113) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED: 06/30/08

                                             s/ *G. Patrick Murphy*
                                             G. Patrick Murphy
                                             United States District Judge